FILED

2026 Feb-25  PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER NICKOLE BYROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| TIN ROOF ACQUISITIONS | ) | Plaintiff Demands a Trial by |
| COMPANY, LLC D/B/A TIN | ) | Struck Jury |
| ROOF, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**JURISDICTION AND VENUE**

1. This is an employment discrimination action. Plaintiff, Jennifer Nickole Byrom, alleges that the Defendant, Tin Roof Acquisitions Company, LLC, violated Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act ("EPA") when it terminated her in motivation of or because of her sex, replaced her with a male manager, paid the male manager a higher wage for the same work (as was its custom and practice), and provided the male manager better terms and conditions of employment.

1

2.      Plaintiff invokes the jurisdiction of this Court under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and 28 U.S.C. §§ 2201 (remedies) and 2202 (further remedies).

3.      Venue is proper because the Defendant employed Byrom in Jefferson County, Alabama, within the Southern Division of the Northern District of Alabama.

**PARTIES**

4.      Plaintiff, Jennifer Nickole Byrom, ("Plaintiff" or "Byrom") is an adult resident of the State of Alabama.

5.      Defendant, Tin Roof Acquisitions Company, LLC, ("Tin Roof") is a foreign limited liability company, organized in the State of Tennessee, doing business in the State of Alabama.

6.      Defendant, Tin Roof, is an employer for purposes of Title VII of the Civil Rights Act of 1964, as amended.

**ADMINISTRATIVE REMEDIES**

7.      On March 26, 2024, Byrom filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (Exhibit 1).

8.      Byrom received a Determination and Notice of Rights on February 25, 2026. (Exhibit 2).

9.    Byrom fulfilled all conditions precedent to file this claim under Title VII.

10.    Byrom's claims under the EPA are not subject to any administrative prerequisites.

**FACTS**

11.    Defendant Tin Roof owns and operates 20 bar and music venues nationwide.

12.    Each venue is managed by Assistant and General Managers.

13.    Tin Roof employes Regional Managers to manage multiple venues in each region.

14.    One location owned and operated by Tin Roof is in Birmingham, Alabama.

15.    In 2011, Tin Roof hired Byrom as a bartender for the Birmingham location.

16.    Byrom is female.

17.    When Byrom worked as a bartender, Chip Dunn was the General Manager and Justin Breslin was the Assistant General Manager. Both Dunn and Breslin are male.

18.    After Dunn's separation from the company, Tin Roof promoted Breslin to General Manager.

19.    On August 9, 2021, Tin Roof promoted Byrom to Assistant General Manager, with a salary of $60,000 under Breslin's supervision.

20.    Fourteen months later, on October 10, 2022, after. Breslin separated from the company, Tin Roof again promoted Byrom, making her the General Manager of the Birmingham location.

21.    With the promotion, Tin Roof only raised Byrom's salary by $5,000 making her annual salary $65,000.

22.    Byrom had two Assistant Managers, both female, Brittani Holmes and Megan Gohn.

23.    During Byrom's term as General Manager, Tin Roof employed Andrew Valez as Entertainment Manager over several locations, including Birmingham.

24.    Valez is male.

25.    Managers were encouraged to use small manager tabs to entertain, including drinking with or buying drinks for regulars or for guest appreciation.

26.    On at least one occasion, Valez ran a tab over $400 for himself (as the director of entertainment) and the then Entertainment Manager.

27.    Valez ran this unusually large tab against Byrom's revenue and was merely in town to "watch" a band.

28.    During Byrom's term as General Manager, Tin Roof employed Ryan Van Rensburg as the Regional Manager covering Birmingham.

4

29.    Van Rensburg is male.

30.    During Byrom's term as General Manager, Tin Roof was owned by Bob Franklin, who acted as the CEO.

31.    Franklin is male.

32.    When Tin Roof promoted Byrom from Assistant to General Manager, the Birmingham location's revenue was down.

33.    As the General Manager, Byrom made suggestions to improve the Birmingham location, including repairs to the bathroom facilities, entertainment suggestions, and increased security.

34.    Regional management denied most, if not all, of Byrom's suggestions.

35.    In 2023, Tin Roof had multiple break-ins including one in December of 2023.

36.    Byrom complained to the head of maintenance that they were "sitting ducks" and pointed out the ease of access for burglars with broken/unsecure doors and drawers.

37.    Byrom installed surveillance camera stickers in December of 2023 in an attempt to deter future break-ins.

38.    Break-ins included theft of the ATM, theft of beer, theft of registers, and even the theft of a pressure washer belonging to another employee.

39. The area of Birmingham where Tin Roof is located experienced multiple shootings over the years, including one in May of 2023 and another in December of 2023.

40. The shootings were not inside Tin Roof, did not involve Tin Roof, and did not involve Byrom.

41. The shooting in May of 2023 occurred just outside of Tin Roof and the victims were attended to by an off-duty officer working inside Tin Roof.

42. The shooting in December of 2023 occurred two blocks away, near a large gathering and food trucks around 3:00 am.

43. On December 23, 2023, Byrom attended the Birmingham Bowl football game and passed out Tin Roof gift cards to encourage individuals to visit Tin Roof.

44. On more than one occasion, Franklin (CEO), Van Rensburg (Regional Manager), and Velez (Entertainment Manager) held leadership meetings.

45. When these meetings were held in Birmingham, Byrom was not included in the meetings, despite being the General Manager.

46. On January 15, 2024, during one of the leadership meetings, Defendant fired Byrom.

47. Franklin, Van Rensburg, and Velez, all males, were present for Byrom's firing.

6

48.     Defendant had not provided Byrom any employment reviews or evaluations.

49.     Defendant did not allow Byrom to take a lower role and remain employed despite her years of service.

50.     Tin Roof had allowed male management to step-down to bartending or other positions/locations within the company.

51.     Defendant did not warn Byrom she may be terminated.

52.     Defendant did not provide Byrom the necessary tools and/or support to manage the Birmingham location and grow revenue.

53.     Defendant replaced Byrom with Velez, a male.

54.     Defendant planned to replace Byrom with Valez weeks before terminating her.

55.     As General Manager, Velez performed the same duties and maintained the same responsibilities as Byrom, in the same role.

56.     Valez used the same Assistant Managers as Byrom.

57.     Tin Roof paid Velez a higher salary than Byrom.

58.     Tin Roof allowed Velez to promote the Birmingham location and host certain events it had previously denied Byrom.

59.     Tin Roof alleged Byrom violated Tin Roof policy by comping employee drinks or allowing employees to drink.

60. Employee comps were not a policy violation because small manager tabs were encouraged.

61. Velez regularly comped large tabs that included drinks for himself and other employees.

62. Velez drank during his manager shifts on more than one occasion.

63. Velez became so intoxicated on at least one occasion that a staff member had to drive him home.

64. Tin Roof employs males in the General and Regional Manager roles more than females.

65. After Valez's separation, Tin Roof promoted Randy Toole, to General Manager.

66. Toole is male.

67. Toole was a barback when Byrom was General Manager.

68. Tin Roof bypassed female Assistant Mranagers to promote Toole.

69. Toole used the same Assistant Managers as Byrom and Valez.

70. On information and belief, Tin Roof paid Toole a higher rate than Byrom.

71. Tin Roof exhibits a pattern and practice of paying male management at a higher rate than female management.

72. After Toole's separation, Tin Roof finally promoted Holmes to General Manager.

73. On information and belief, Tin Roof pays Holmes less than the previous two male General Managers.

## COUNT ONE TITLE VII – GENDER DISCRIMINATION

74. Plaintiff incorporates by reference paragraphs 1-73 as if set out herein.

75. Plaintiff is female.

76. Plaintiff was qualified for the position of General Manager.

77. Defendant's employees, Ryan Van Rensburg (Regional Manager) and Bob Franlkin (CEO), terminated Plaintiff's employment on or about January 15, 2024.

78. Defendant replaced Plaintiff with Andrew Velez, a male.

79. Defendant paid Valez a higher wage than Plaintiff for the same work.

80. Defendant provided Valez more tools and opportunities than Plaintiff.

81. Defendant engaged in the same or similar conduct alleged to be reasons for the termination of Plaintiff, but remained employed.

82. Defendant's actions in terminating Plaintiff's employment, replacing her with a higher paid male, and providing the male better support to generate revenue violated Title VII.

83. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

84. Plaintiff's sex was a motivating factor in Defendant's decision.

85. Because of Defendant's discriminatory decision made in whole or in part because of sex, Plaintiff has lost pay and continues to be paid less.

WHEREFORE, PREMISES CONSIDERED, Byrom request this Court enter a judgment against Tin Roof under Title VII of the Civil Rights Act of 1964, as amended, pursuant to an Order by which this Court:

a. Awards compensatory damages to be determined by the trier of fact;

b. Awards punitive damages to be determined by the trier of fact;

c. Awards nominal damages to be determined by the trier of fact;

d. Awards injunctive and equitable relief, including but not limited to training and backpay;

e. Awards that relief which is fair, reasonable, and just;

f. Awards costs and reasonable attorney's fees against Defendant.

## COUNT II – EQUAL PAY ACT – PAY DISCRIMINATION

86. Plaintiff incorporates by reference paragraphs 1-22, 28-31, 46-47, 53-57, and 64-73 as if set out herein.

87. Byrom worked for Tin Roof as the Birmingham location General Manager.

88.     Byrom is female.

89.     Tin Roof terminated Byrom and replaced her with Valez.

90.     Thereafter Valez worked for Tin Roof as the Birmingham location General Manager.

91.     As the Birmingham location General Manager, Byrom and Valez performed the same duties and responsibilities for Tin Roof.

92.     Tin Roof paid Valez a higher salary than Byrom.

93.     Tin Roof has a pattern and practice of paying male management higher rates than female management.

94.     At the time Tin Roof set the pay rate for Valez, it knew it violated the Equal Pay Act to pay men and women differently for the same work.

95.     Because Tin Roof knew it was unlawful to pay men and women differently for the same work, under the same conditions, Tin Roof's violation of the EPA ius willful.

96.     Tin Roof's conduct injured Byrom.

WHEREFORE, PREMISES CONSIDERED, Byrom requests this Court enter a judgment against Tin Roof under the Equal Pay Act of the Civil Rights Act of 1964, as amended, pursuant to an Order by which this Court:

a. Awards backpay damages;

b. Awards liquidated damages;

11

c.  Awards injunctive and equitable relief, including, but not limited to, training and backpay;

d.  Awards that relief which is fair, reasonable, and just;

e.  Awards costs, including reasonable attorney's fees, against Defendant.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ Leslie Palmer
Leslie Palmer
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
PALMER LAW, LLC
Leslie Palmer
2 North 20th Street, Suite 900
Birmingham, AL 35203
Telephone: (205) 285-3050
Email: leslie@palmerlegalservices.com

**DEFENDANT TO BE SERVED VIA
CERTIFIED MAIL:**

Tin Roof Acquisitions Company, LLC
c/o National Registered Agents, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104